## THE IOWA STATE BANK v. J. J. NOVAK AND FRANK NOVAK, Appellants.

**Evidence.** One having no knowledge, outside a memorandum on a stock book, that stock was left as security, cannot testify to that fact, the memorandum being the best evidence.

SAME. A witness who knows certain facts contained in the book of a bank, independent of such books, may testify thereto, although the books themselves would be the best evidence of their contents, if his knowledge were obtained therefrom.

SAME. A deposit ticket, on which an original entry credit for a dividend on bank stock is made, without objection, and in the presence and with the knowledge of the authorized agent of the stockholder, who had deposited such stock with the bank as collateral security, is proper evidence to show what credit was given.

SAME. Evidence that at the time of a general settlement of an indebtedness with a bank, and the giving of further collateral security for his indebtedness, the debtor made no claim that he had deposited with the bank certain stock, is admissible to rebut testimony that the bank had converted such stock at some time prior to such settlement.

**Practice Supreme Court:** PRESUMPTION FOR JUDGMENT BELOW. Facts not shown in the record, will not be presumed, in order to establish error, below.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

### MONDAY, FEBRUARY 10, 1896.

ACTION on a promissory note. Trial to the court. Judgment for plaintiff. Defendants appeal.—*Affirmed.*

*Baker & Ball* and *Milton Remley* for appellants.

*Ranck & Wade* for appellee.

KINNE, J.—I. The action is brought upon a promissory note for two thousand dollars, dated

August 8, 1891, and due sixty days after date, and
signed by both of the defendants. The answer admits
the execution of the note, and that it is unpaid. It
alleges that the defendant, Frank Novak, is only a
surety on the note, which fact was known to plaintiff
when it took the note, and that he is entitled to the
benefit of the counter-claim. Defendants, in a coun-
ter-claim, allege that the defendant, J. J. Novak, was
the owner of twenty-five shares of stock in the plaint-
iff bank, worth two thousand, five hundred dollars,
which had been deposited with said bank as col-
lateral security; that plaintiff has converted the same
to its own use. For said sum, and for the dividends on
said stock, defendants pray judgment against plaintiff,
after deducting the amount due upon said note, for
eight hundred dollars and costs. Plaintiff replied to
the counter-claim, admitting that said Novak owned
the twenty-five shares of stock; that the same was, for
a short time, deposited with plaintiff, as collateral
security; that defendants were indebted to plaintiff,
and to the Iowa City National Bank, and plaintiff took
said stock, and paid the defendant the money there-
for, to assist him in canceling said indebtedness; that
the stock was legally transferred to plaintiff, was fully
paid for, and that it did not convert it to its own use.
The case was tried to the court, and a judgment ren-
dered for plaintiff, for the full amount due upon the
note.

II. It is said the court erred in its ruling, exclud-
ing the testimony of one Switzer, to the effect that
the stock was left as collateral security. Switzer tes-
tified that the memorandum on the stock book was
that the stock had been left as collateral security, and
that was all he knew. The court held, that the
memorandum was the best evidence. There
was no error in this ruling. The testimony
showed that Switzer knew nothing as to how, or for

what purpose, the stock was left with the bank, except as the memorandum showed. Having no knowledge of the transaction, outside of the memorandum, it is clear that the memorandum itself, was the best evidence of what it contained.

III. Coldren testified that, at the time the stock was transferred to the bank, he started to give credit for the dividend, but, in fact, indorsed it upon a deposit ticket or slip. Appellants claim that this ticket is not binding upon them; that they did not make out or sign it, and had no knowledge of its contents. We think the evidence justified the trial court in finding that this ticket was made out in the presence of F. H. Novak, who was transacting the business for his brother; that he saw it, and knew its contents. Such being the fact, it was competent evidence to explain the transaction between the parties. The evidence further shows that this deposit ticket was the original entry of credit to Novak, and, if made in his presence, and with his knowledge, as we find it was, and without any objection on his part, it is proper evidence to show what credit was given him.

IV. Error is assigned on the ruling of the court, admitting in evidence the receipt of F. H. Novak, for the dividend on the stock, which had stood in J. J. Novak's name. It is said, it is immaterial and incompetent, because it is not the receipt of the defendant. Now, it appears from the evidence that F. H. Novak, was, all through this transaction, at various times, acting for J. J. Novak. He so acted for him in the sale of the stock, and in the transfer of the certificates to the bank. He received this dividend, which had been reserved in the sale of the stock. It is no part of the dividends now claimed by the defendants. There was, therefore, no error in the admission of this evidence.

V. Coldren was permitted to testify, over defendants' objection, that at a certain date there was an overbalance of eighty-eight cents in the accounts of the bank; that on another date the accounts balanced, and on a subsequent date there was less than four dollars shortage. It is insisted that the books were the only competent evidence of the facts testified to. If the witness knew the facts testified to, independent of the books and their contents, then the evidence was proper. It is said he was testifying from the books. If that be so, then, of course, the books were the best evidence, not the statements of the witness as to their contents. But the record does not show that the witness was testifying from the bank's books. For all that appears, he was stating facts from his own knowledge, entirely independent of the books. We cannot presume what the record does not show, in order to establish the fact that the court erred in the admission of evidence. So far as appears from the record, there was no error in this ruling.

VI. Three assignments of error are directed to the action of the court, in permitting Mr. Wade and Mr. Morrison to testify to a conversation with defendant, J. J. Novak, on August 8, 1891, and to the introduction of a bond and list of collaterals. The complaint is that the testimony was incompetent, immaterial, and irrelevant. We think this evidence was material. The claim of the defendant, J. J. Novak, is that in 1890 he owned two thousand, five hundred dollars of the stock of plaintiff bank; that he had deposited it with the bank as collateral security for money he was owing the bank; that the bank thereafter, though the precise time is not made to appear, converted this stock to its own use. Now, if that be true, then on this eighth day of August, 1891, when J. J. Novak, Frank Novak, Morrison

and Wade were all in the bank, and its claims against Novak were being figured, and his notes to the bank being renewed, and further collateral put up, the bank held this two thousand, five hundred dollars in stock, as collateral for his obligations to it, or it had, before that time, converted the stock, according to Novak's claim. The fact that all this was done, and not a word said, or a claim made, by J. J. Novak, that he then owned the stock, or that the bank had converted it, and owed him for it, is, we think, a very strong indication that there was no merit in Novak's claim that the stock had been converted by the bank. It is possible, but not probable, that a man pressed for money, as the evidence shows he was, would have overlooked the fact that he had a claim of over two thousand, five hundred dollars against his creditor, for stock which it had converted to its use. He was wanting an extension of time on his indebtedness to the bank. The collateral which Novak then had in the bank was called for, and brought out. It did not include this stock. Novak said it was all the collateral he had. The evidence shows that he did not have money enough to pay the interest then due on his indebtedness to the bank. New notes were made out; Novak went out, and brought in other collaterals; and a list of the entire lot was made, and J. J. Novak signed it, assigning all these collaterals to the bank. J. J. Novak himself does not claim that at this time he said a word about the bank's holding his stock as collateral, or that they had converted it. The evidence sought to be eliminated from the record was both competent and material, as strongly tending to show that, at the time of this general settlement of J. J. Novak's indebtedness to the bank, he had no claim against it in any way growing out of, or connected with, the stock which he now claims the bank had converted to its use

VII.   Error is assigned, on the ruling of the court, refusing to permit the witness, Morrison, to testify, to whom the Novak stock was sold.   If error, it was without prejudice, as the witness had already testified that he did not know whom the stock was sold to.

VIII.   Other errors are assigned, touching the admission of evidence.   We have examined them, and discover no cause for complaint.

IX.   Lastly, it is urged that the judgment is contrary to, and not supported by the evidence.   We shall not undertake to review the evidence.   We have already discussed some of it, which tends to show that the judgment below was correct.   It is conflicting. The judgment of the court below stands as the verdict of a jury, and we should not disturb it, unless it is so contrary to the evidence, as to indicate passion or prejudice.   Viewing all of the testimony, we think it fairly justified the finding of the district court. We cannot, therefore, disturb the judgment below.— AFFIRMED.